COMMITTEE ON PROFESSIONAL ETH-ICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Appellee,

v.

**Jerry ZIMMERMANN, Appellant.**

No. 94–503.

Supreme Court of Iowa.

Oct. 19, 1994.

Richard H. Zimmermann of Zimmermann Law Office, Iowa City, for appellant.

Douglas Staskal of Brick, Gentry, Bowers, Swartz, Stoltze, Schuling & Levi, P.C., Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

HARRIS, Justice.

This lawyer disciplinary proceeding stems from the same facts that were detailed in *Zimmermann v. Iowa District Court,* 480 N.W.2d 70 (Iowa 1992). In the prior case Zimmermann successfully challenged a finding of contempt. Zimmermann was charged with violating a district court order. On our certiorari review we found the order was subject to two interpretations. Because one of the interpretations would not have prohibited Zimmermann's conduct, we sustained the writ. But, noting that proof of contempt must be established beyond a reasonable doubt, we pointed out that our decision did not preclude a disciplinary action based on the same conduct. *Id.* at 74–75.

The present disciplinary action followed and is before us on Zimmermann's appeal from a grievance commission finding that he should be reprimanded for violating DR 7–106(A) of the Iowa code of professional responsibility for lawyers. Zimmermann insists there was no such violation and that a reprimand was inappropriate.

■ Because the undisputed facts were detailed in our earlier decision a brief outline will suffice here. While representing a mother and her boyfriend in a child-in-need-of-assistance proceeding, Zimmermann filed an application to modify custody. He asked that the court order the child be examined by a named clinical psychologist. The juvenile court referee (under Iowa Code section 602.7103(1) (1993) the office is now called associate juvenile judge) entered an order scheduling a hearing on the application. The order provided: "At this time the court denies the request of counsel for the mother that the child be evaluated by [the named clinical psychologist]."

Zimmermann subsequently visited with the child's guardian, who was the maternal grandmother, and obtained her permission for the child to visit with the named psychologist. The psychologist evaluated the child twice prior to the hearing.

The ethics committee's complaint against Zimmermann alleged he violated DR 2–102(A)(5) and (6) and DR 7–106(A) by arranging the evaluation in spite of the order, or without seeking clarification of the order. The complaint further alleged Zimmermann violated DR 7–104(A)(1) by visiting with the child and the grandmother when he knew both were represented by counsel.

The grievance commission agreed Zimmermann violated DR 7–104(A)(1) and DR 7–106(A) and recommended a reprimand. Zimmermann appeals only from the finding that he violated DR 7–106(A). He contends he did not believe the order was ambiguous so he had no reason to seek a clarification.

He points out that our prior decision found the order was subject to two reasonable interpretations and he asserts he reasonably relied upon his interpretation. He contends the duty of a zealous advocate required that he resolve any doubts in favor of his client (citing EC 7–3).

Zimmermann believes that, if the order was subject to two interpretations, he could act on the basis of a reasonable interpretation that it did not prohibit his challenged conduct. In the prior case, involving the contempt citation, this contention was the basis for a successful challenge to the finding he was in contempt.

■ The committee however correctly points out that an attorney can be disciplined for all manner of conduct that falls short of contempt. The burden of proof in a lawyer disciplinary case is not beyond a reasonable doubt, but by a convincing preponderance of the evidence. *Committee on Professional Ethics & Conduct v. Blomker,* 379 N.W.2d 19, 21 (Iowa 1985). The committee is also correct in arguing that an attorney cannot violate, or advise a client to violate, a court order merely because one of two interpretations would allow the challenged conduct,

621

whereas the other interpretation would prohibit it. Faced with an ambiguous order an attorney should seek clarification from the court.

We nevertheless are inclined to agree that Zimmermann should not be disciplined for the violation here. We have no disciplinary rule expressly addressing an attorney's responsibilities under the circumstances and, until the present case, no decision spelling them out. We are, moreover, favorably impressed by Zimmermann's candor and sincerity and note that, at the time in question, he was relatively new in the practice. We think an admonition is sufficient. Unlike a reprimand, an admonition does not amount to discipline. *See Committee on Professional Ethics & Conduct v. Liles,* 430 N.W.2d 111, 113 (Iowa 1988).

Zimmermann is admonished for violating a court order by conduct clearly prohibited by one interpretation of that order, even though another interpretation might allow the conduct. He is also reprimanded, but only for those violations he does not contest.

**ATTORNEY REPRIMANDED.**