**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS & CONDUCT, Complainant,**

v.

**David HUGHES, Respondent.**

**No. 96–1266.**

Supreme Court of Iowa.

Dec. 18, 1996.

Rehearings Denied Jan. 23 and Feb. 14, 1997.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Michael J. Coyle and Norman J. Wangberg of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for respondent.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and TERNUS, JJ.

TERNUS, Justice.

Appellant, David Hughes, advised his client to ignore a district associate judge's orders that Hughes' client undergo a substance abuse evaluation. This disciplinary action followed. Despite Hughes' sincere belief that the court's orders were beyond its authority, we conclude his conduct violated the Code of Professional Responsibility DR 7–106(A). We publicly reprimand him for this violation.

I. *Background Facts and Procedural History.* Hughes has practiced law for twenty-six years and is currently in private practice in Cascade, Iowa. He has no prior ethical violations and based on the record made at the disciplinary hearing, is well regarded.

This matter stems from Hughes' representation of Ryan Henneberry on a charge of operating a motor vehicle while intoxicated (OWI). *See* Iowa Code § 321J.2 (1995). District Associate Judge Randal J. Nigg found Henneberry guilty and, in anticipation of sentencing, ordered Henneberry to undergo a substance abuse evaluation at his own expense. Hughes objected to the evaluation on the ground "the Defendant does not believe the Court has the authority to order any such test and lest such expenditure negate Defendant's appeal rights." The court denied the objection, relying on Iowa Code section 901.4A as authority for ordering the evaluation. Hughes made no effort to challenge this ruling by seeking discretionary review in the Supreme Court. On Hughes' advice, Henneberry did not obtain the substance abuse evaluation.

At the sentencing hearing, Judge Nigg considered a defense request for a deferred judgment. *See* Iowa Code § 907.3. Hughes objected to the court's plan to order a substance abuse evaluation as a condition of probation. This objection was based on Hughes' belief Iowa Code section 901.4A only allowed such an evaluation after sentence had been imposed, not when it was being deferred. Hughes continued to resist the court's plan, but made it clear that if his client did not comply, it was solely on advice of counsel. Among the several justifications for this advice, Hughes noted (1) a deferred judgment was unappealable, (2) the expense of the test might be prohibitive, and (3) the State and the public would have access to information about Henneberry that it would not otherwise be allowed to see.

The court considered finding Hughes and Henneberry in contempt, but instead recessed the hearing without imposing sentence. Two days later, the court entered an order deferring judgment on the OWI conviction. The court placed Henneberry on

probation. One condition of the probation was that Henneberry obtain, at his own expense, a substance abuse evaluation.

Thereafter, Hughes wrote to Henneberry, advising him to disobey the court's order for an evaluation. Henneberry ultimately ignored this advice and complied with the court's order. Nevertheless, the court appropriately referred its concerns about Hughes' professional conduct to the Iowa Supreme Court Board of Professional Ethics and Conduct.

The Board filed a complaint against Hughes which was heard by the Grievance Commission of the Supreme Court of Iowa. The Commission unanimously found that Hughes violated DR 7–106(A):

> A lawyer shall not disregard or advise a client to disregard a standing rule of a tribunal or ruling of a tribunal made in the course of a proceeding, but a lawyer may take appropriate steps in good faith to test the validity of such a rule or ruling.

Iowa Code of Professional Responsibility DR 7–106(A). A divided Commission recommended a public reprimand, the minority preferring a private admonition. This appeal followed.

■ II. *Scope of Review.* Our review is de novo. Iowa S.Ct. R. 118.11. Although we are not bound by the Commission's findings, we give them weight, particularly when considering the credibility of witnesses. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Plumb,* 546 N.W.2d 215, 217 (Iowa 1996). We also are not bound by the recommendations of the Commission, although we "respectfully consider" them. *Committee on Prof'l Ethics & Conduct v. Humphrey,* 529 N.W.2d 255, 258 (Iowa 1995). The burden rests on the Board to prove the alleged disciplinary violations by a "convincing preponderance of the evidence." *Plumb,* 546 N.W.2d at 217.

■ III. *Ethical Violation.* Disciplinary Rule 7–106(A) sets forth the ethical duty of Iowa lawyers to comply with court orders. Under this rule, "a lawyer has a duty to obey a court order and a duty not to advise a client to ignore it." *Committee on Prof'l Ethics & Conduct v. McCullough,* 465 N.W.2d 878, 886 (Iowa 1991). As we noted in the *McCullough* case, "[t]hese principles are so obvious and basic that we should not have to remind the bar of them." *Id.*

■ A. *Void orders.* Hughes argues he did not violate DR 7–106(A) when he advised his client not to obtain the presentence substance abuse evaluation ordered by Judge Nigg. Hughes claims he was at liberty to advise his client to ignore an order the court had no authority to make. He cites to the following rule from our contempt cases: "If there is jurisdiction of the parties and legal authority to make an order, it must be obeyed, however erroneous or improvident." *Lutz v. Darbyshire,* 297 N.W.2d 349, 352 (Iowa 1980), *overruled on other grounds by Phillips v. Iowa Dist. Ct.,* 380 N.W.2d 706, 709 (Iowa 1986). Hughes concludes that the inverse is also true: If the court lacks legal authority to make an order, it need not be obeyed.

■ "When a court acts without legal authority to do so, it lacks jurisdiction of the subject matter." *Wederath v. Brant,* 287 N.W.2d 591, 595 (Iowa 1980); *accord Linn County Sheriff v. Iowa Dist. Ct.,* 545 N.W.2d 296, 299 (Iowa 1996). Subject matter jurisdiction is "the authority of the court to hear and determine cases of the general class to which the proceedings in question belong." *Christie v. Rolscreen Co.,* 448 N.W.2d 447, 450 (Iowa 1989). Any orders entered by a court lacking subject matter jurisdiction are void. *Linn County Sheriff,* 545 N.W.2d at 299. We have stated that one cannot be punished for violation of a void order. *Clark v. District Ct.,* 255 Iowa 1005, 1007, 125 N.W.2d 264, 266 (1963); *accord* 17 Am.Jur.2d *Contempt* § 148, at 504 (1990); *see Lutz,* 297 N.W.2d at 352. Violation of orders merely alleged to be erroneous may, however, be punished as contempt:

> Where the court has jurisdiction over the subject matter and the parties and has the authority to render a particular order or decree, the fact that such order or decree is erroneous or irregular or improvidently rendered does not justify a person in failing to abide by its terms; failure to obey

the order may be punished as contempt despite the error or irregularity.

17 Am.Jur.2d *Contempt* § 147, at 502; *accord St. George's Soc'y v. Sawyer*, 204 Iowa 103, 104, 214 N.W. 877, 878 (1927).

We assume, without deciding, that these principles apply equally to the ethical duties of an attorney under DR 7–106(A).[1] These principles, however, even if applicable, are of no assistance to Hughes.

Hughes argues the court had no authority under section 901.4A to order a substance abuse evaluation for two reasons: (1) this statute does not authorize imposing the costs of a substance abuse evaluation on the defendant; and (2) the statute expressly requires "reason to believe that the defendant regularly abuses alcohol," a fact Hughes believes was absent here. *See* Iowa Code § 901.4A.

With respect to the first reason, Hughes' contention his client could not be ordered to pay for the evaluation is no justification for disobeying that portion of the order requiring an evaluation. *Cf.* 17 Am.Jur.2d *Contempt* § 149, at 505 ("The mere fact that an order whose violation is the basis for a contempt proceeding is not valid in all respects has been said not to preclude punishment for contempt based on violation of valid parts of the order."). Hughes has offered no proof that the advancement of the costs of the evaluation was a precondition of Henneberry being able to obtain an evaluation.[2]

The second reason advanced by Hughes is that the statutory prerequisite for an evaluation—"reason to believe the defendant regularly abuses alcohol"—is not present here. This reason is really an argument that the evidence is insufficient to support the court's factual finding that the defendant regularly abuses alcohol. In making this argument Hughes assumes a court relying on an erroneous factual finding for its order lacks authority. But the insufficiency of the evidence to support a court's factual findings does not undermine the court's jurisdiction. Here it was clearly within the court's subject matter jurisdiction to order a substance abuse evaluation under section 901.4A. Consequently, the order was not void so as to fall within the contempt rule permitting one to ignore void court orders. Finally, even if the order was erroneous, as Hughes claims, that fact would not justify disobedience of the order. *See Florida Bar v. Rubin*, 549 So.2d 1000, 1003 (Fla.1989) (lawyer may not disobey a court order because he or she believes that order is erroneous).

In summary, Hughes has failed to demonstrate the court lacked authority to order a presentence substance abuse evaluation. Therefore, even if an attorney has the right to advise his client to disobey an order entered by a court without jurisdiction to do so, that right is not implicated here.

■ B. *Testing the validity of an order.* The real issue here is whether disobedience of a court order is an "appropriate step[ ] ... to test the validity" of a court's ruling. *See* Iowa Code of Professional Responsibility DR 7–106(A). We think our prior cases make clear it is not.

In *Committee on Professional Ethics & Conduct v. Crary*, 245 N.W.2d 298 (Iowa 1976), we stated:

An attorney may of course challenge a decree of a court by motion, appeal, or other legal means, but as long as the decree stands he must abide by it. In like manner, he must not counsel others to disobey decrees or be a party with them in disobedience.

*Crary*, 245 N.W.2d at 307 (citations omitted). *Crary* was written before the adoption of the

1. We point out, however, that a violation of DR 7–106(A) is not synonymous with contempt of court. As we noted in *Committee on Prof'l Ethics & Conduct v. Zimmermann*, 522 N.W.2d 619 (Iowa 1994), "an attorney can be disciplined for all manner of conduct that falls short of contempt." *Zimmermann*, 522 N.W.2d at 620.

2. Although Hughes argues here that the court had no authority to order Henneberry to pay for the evaluation, his focus in the criminal case was that the cost of the evaluation would be a financial burden to his client. Hughes wisely does not rely on this argument on appeal, apparently correctly recognizing his client's desire not to incur the cost of an evaluation is no excuse for disobeying the court's order. We also note Judge Nigg responded to Hughes' concerns by advising him that the court would be willing to reconsider its order once the cost of the evaluation was known if Henneberry could not afford the evaluation.

present disciplinary rule. The applicability of these principles under DR 7–106(A) was made apparent, however, in the *McCullough* case. There, in considering our current rule 7–106(A), we noted the "importance of complying with court orders" and quoted with approval from *Maness v. Meyers,* 419 U.S. 449, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975), a criminal contempt case:

> "We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. *If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but absent a stay, to comply promptly with the order pending appeal.* Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect. The orderly and expeditious administration of justice by the courts requires that 'an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties *until it is reversed by orderly and proper proceedings....* ' [Nor should the attorney] advise a client not to comply."

*McCullough,* 465 N.W.2d at 885–86 (quoting *Maness,* 419 U.S. at 458–59, 95 S.Ct. at 590, 42 L.Ed.2d at 583) (emphasis added); *accord Chapman v. Pacific Tel. & Tel. Co.,* 613 F.2d 193, 197 (9th Cir.1979) (criminal contempt case: "An attorney who believes a court order is erroneous is not relieved of the duty to obey it. The proper course of action, unless and until the order is invalidated by an appellate court, is to comply and cite the order as reversible error should an adverse judgment result."); *Lutz,* 297 N.W.2d at 352 (if court has subject matter and personal jurisdiction, the court's order must be obeyed, "however erroneous or improvident"). Our discussions in *Crary* and *McCullough* make clear that disobedience of a court's order is not an "appropriate step" to test its validity.

The Vermont Supreme Court has interpreted DR 7–106(A) in a similar manner. In *In re Robinson,* 161 Vt. 605, 639 A.2d 1384 (1994), an attorney was disciplined for advising his client to ignore a court order requiring the client to return his two children to the custody of his ex-wife. *Robinson,* 639 A.2d at 1384–85. The court adopted the recommendation of its Professional Conduct Board, quoting from the Board's decision:

> A lawyer has a duty to protect his client's rights and to further the client's lawful interests. However, when those interests conflict with a court order, the lawyer's duty to uphold the law is paramount to the interests of his client.

*Id.* at 1386; *accord In re Rosenfeld,* 157 Vt. 537, 601 A.2d 972, 975–76 (1991) (court disciplined attorney for counseling his client to disobey a court order allowing client's husband weekend visitation with their child, despite attorney's arguments that the child was at great risk if his client complied with the court-ordered visitation because husband was suspected of sexual abuse of child). The court in *Robinson* found a violation of DR 7–106(A) despite the attorney's good faith belief that he could advise his client to disobey the court order and despite the attorney's forthright and immediate communication with the court informing the court of his advice to his client and accepting full responsibility for his actions. *Robinson,* 639 A.2d at 1387. Robinson was publicly reprimanded even though his misconduct "was apparently the result of a negligent misunderstanding of his duty to obey the court order in light of changed circumstances." *Id.*

We hold Hughes violated DR 7–106(A) in advising his client not to obtain the presentence evaluation ordered by the court.[3] Even though Hughes acted in good faith, ignoring a court order is simply not an appropriate step to test the validity of the order under our Code of Professional Responsibility. This conclusion does not depend on the correctness of the court's order and therefore, we need not consider whether Judge Nigg appropriately ordered a substance abuse evaluation.

---

**3.** Hughes advances additional arguments to justify his advice to Henneberry not to obtain the evaluation ordered as a condition of probation. The discipline we impose would be the same even if we agreed with Hughes that he did not violate DR 7–106(A) with respect to the court's second order requiring a substance abuse evaluation. Therefore, we will not lengthen this opinion by discussing the probation order.

IV. *Discipline.* That brings us to the question of the appropriate discipline to be imposed, if any. We have disciplined attorneys on at least two prior occasions for violating DR 7–106(A). In *McCullough*, we suspended an attorney who had assisted his client in violating a court order. *McCullough*, 465 N.W.2d at 887. The attorney's conduct in that case was aggravated by his preparation of materially false documents for his client. In *Committee on Professional Ethics & Conduct v. Zimmermann*, 522 N.W.2d 619 (Iowa 1994), we admonished a lawyer who had violated a court order. *Zimmermann*, 522 N.W.2d at 621. In that case, the attorney argued the order was ambiguous and his conduct did not violate the court order under one interpretation of it. *Id.* at 620. We said an attorney faced with an ambiguous order should ask for clarification before acting. *Id.* at 621. Nevertheless, we did not impose discipline for three reasons: (1) there was no prior decision clarifying a lawyer's responsibility under the circumstances presented in *Zimmermann;* (2) we were impressed with Zimmermann's candor and sincerity; and (3) Zimmermann was relatively new in the practice. *Id.*

The facts of the present case fall somewhere between *McCullough* and *Zimmermann*. There are certainly no aggravating circumstances here which would warrant any discipline more severe than a public reprimand. Even a public reprimand may seem harsh given Hughes' unblemished record and the respectful and candid manner in which he dealt with the court during the proceedings giving rise to this disciplinary action. On the other hand, unlike the situation in *Zimmermann*, we think our prior case law should have made it clear to Hughes, an experienced attorney, that he was not free to advise his client to disobey the court's order for a substance abuse evaluation as a means of testing the validity of the court's order. Consequently, we conclude discipline is required. Hughes is publicly reprimanded for his conduct in this matter.

**ATTORNEY REPRIMANDED.**