IOWA SUPREME COURT BOARD OF
PROFESSIONAL ETHICS AND
CONDUCT, Complainant,

v.

Michael T. PRACHT, Respondent.

No. 02–1381.

Supreme Court of Iowa.

Jan. 23, 2003.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Michael T. Pracht, Davenport, *pro se.*

CADY, Justice.

This case is before us on report of the Grievance Commission of the Supreme Court of Iowa. The Grievance Commission found Michael T. Pracht violated the Iowa Code of Professional Responsibility for Lawyers by failing to comply with a court order, neglecting client matters, and failing to cooperate with the Iowa Supreme Court Board of Professional Ethics and Conduct. The Commission recommended a one-year suspension. Upon our review of the matter, we find Pracht violated the Code of Professional Responsibility as alleged. We suspend his license to practice law indefinitely with no possibility for reinstatement for one year.

## I. Background Facts and Report of Commission.

Michael T. Pracht was admitted to practice law in Iowa in 1976. He practiced in Davenport with a law firm comprised of three, and later four, attorneys until May 2001, when his license to practice was suspended for two years for improperly removing the filing system records from the office of the clerk of the district court. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Pracht,* 627 N.W.2d 567 (Iowa 2001). Pracht primarily practiced in the area of real estate law. One of the other lawyers in the law firm was experienced in probate law.

In addition to the suspension in 2001, Pracht was disciplined in 1993 for incompetently handling probate matters, neglect of client matters, and failing to cooperate with the Board, then known as the Committee on Professional Ethics and Conduct of the Iowa State Bar Association. We publicly reprimanded Pracht for this unethical conduct, and directed him to file a statement with the supreme court clerk certifying, among other things, that he would not "handle probate matters unless he (1) associates with a lawyer experienced in that field, or (2) secures our permission upon a showing of acquired proficiency in probate law." *Comm. on Prof'l Ethics & Conduct v. Pracht,* 505 N.W.2d 196, 199–200 (Iowa 1993). Pracht subsequently filed a statement indicating he would not handle probate matters unless he satisfied the required conditions. He never requested our permission to engage in probate work since his public reprimand.

In January 1997, a petition was filed in district court to probate the estate of Louis E. Iossi, Jr. In February 1998, a petition was filed in probate in the estate of Joseph J. Steiniger. In both cases, Pracht was the designated attorney. He engaged in a variety of legal services on behalf of the executors, but neglected his work on more than one occasion.

In the Iossi estate, Pracht failed to timely comply with an order issued by the district court to file a final report and close the estate. He also failed to close the estate within the statutory time period. *See* Iowa Code § 633.473 (1997). Pracht failed to move for an extension of time at both junctures, resulting in the issuance of

delinquency notices. Similarly, Pracht failed to timely close the Steiniger estate, resulting in the delinquency notice. After Pracht received notice from the Board of a complaint, he failed to respond. He also failed to respond to subsequent inquiries by the Board.

The Board filed a multiple-count complaint against Pracht. The first count claimed Pracht violated our prohibition against handling estate matters without associating himself with an experienced probate lawyer or securing our consent. The second count alleged neglect of client matters in the Iossi estate case. The final count concerned the failure to respond to the Board.

Pracht testified at the Commission hearing that he felt justified in handling probate matters following the 1993 order because he practiced in a law firm that included an experienced probate lawyer, and this lawyer was available to assist him if necessary. However, Pracht acknowledged that he never asked this lawyer to work with him in the Iossi and Steiniger estates and he never consulted with him about the cases, or even informed him he intended to represent the executors. He also acknowledged this lawyer was never designated as co-counsel in the estate cases. Furthermore, Pracht never requested clarification of the order before engaging in probate work after 1993 to determine if his conduct satisfied the restriction previously placed on him.

The Commission concluded Pracht committed misconduct as alleged by the Board. It found Pracht violated DR 7–106(A) (disregarding a ruling of a court) and DR 1–102(A)(5) (conduct prejudicial to administration of justice) by handling probate matters after the 1993 order. It found he neglected his responsibilities in the Iossi estate in violation of DR 6–101(A)(3) (neglect of client's legal matters).

Finally, it found Pracht failed to respond to the Board inquiries in violation of DR 1–102(A)(5) and DR 1–102(A)(6) (conduct that adversely reflects on fitness to practice law). The Commission recommended Pracht be suspended for one year.

## II. Scope of Review.

We review attorney disciplinary actions de novo. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Mulford,* 625 N.W.2d 672, 679 (Iowa 2001). We are not bound by the findings of the Commission, but give them weight. *Id.* We also "consider the discipline recommended by the Commission" but are not bound by its recommendation. *Id.* The Board has the burden to prove disciplinary violations by a "'convincing preponderance of the evidence.'" *Id.* (citation omitted).

## III. Violations.

The violation of a court order by a lawyer constitutes misconduct. *See Comm. on Prof'l Ethics & Conduct v. Zimmermann,* 522 N.W.2d 619, 620–21 (Iowa 1994); *see also Mulford,* 625 N.W.2d at 687. Furthermore, misconduct can occur even if the conduct would be prohibited by one interpretation of the order but permitted by another interpretation of the order. *Zimmermann,* 522 N.W.2d at 620–21. When faced with an ambiguity in a court order, "an attorney should seek clarification from the court." *Id.* at 621.

In this case, Pracht claimed he satisfied the terms of the 1993 order because he worked in the same law firm as an experienced probate lawyer. We find such an interpretation to be unreasonable. Since Pracht practiced in the same law firm with the experienced probate lawyer at the time of the disciplinary action in 1993, his interpretation of our order would mean he was not required to do anything to continue to handle probate matters. His interpreta-

tion is unreasonable, and constituted a willful violation of the 1993 order. Additionally, even if Pracht reasonably believed the order was ambiguous, he failed to seek a clarification. Clearly, his conduct violated DR 7–106(A), as well as DR 1–102(A)(5). *See Mulford*, 625 N.W.2d at 682; *Zimmermann*, 522 N.W.2d at 620–21.

Pracht also committed the other misconduct as found by the Commission. He neglected client legal matters due to his failure to timely close the Iossi estate. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Grotewold*, 642 N.W.2d 288, 293 (Iowa 2002). Moreover, Pracht cannot overcome this finding based on his assertion that the root of the delay was due to the persistent lack of cooperation by the executors. Pracht failed to bring such claim to the attention of the district court in a motion for extension of time. *See Comm. on Prof'l Ethics & Conduct v. Larsen*, 407 N.W.2d 601, 602 (Iowa 1987). Instead, Pracht did nothing, and allowed the case to become delinquent. Finally, Pracht admittedly failed to respond to Board inquiries.

## IV. Discipline.

To determine the appropriate discipline for an attorney's misconduct, this court considers " 'the nature of the alleged violations, the need for deterrence, protection of the public, maintenance of the reputation of the [bar] as a whole, and the respondent's fitness to continue' " to practice law. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Bernard*, 653 N.W.2d 373, 375–76 (Iowa 2002) (citation omitted). We also consider any aggravating and mitigating circumstances in the case. *Id.* at 376. Multiple instances of neglect and prior disciplinary actions, as well as any uncooperativeness with the Board, are aggravating circumstances to consider in determining discipline. *Iowa*

*Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Jay*, 606 N.W.2d 1, 4 (Iowa 2000). Harm to the client is also considered. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Wagner*, 599 N.W.2d 721, 730 (Iowa 1999).

Generally, discipline imposed in cases based on client neglect coupled with failure to respond range from reprimand to suspension. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Scheetz*, 549 N.W.2d 828, 832 (Iowa 1996) (summarizing cases imposing sanctions ranging from public reprimand to six-month suspension). Yet, the seriousness of this case is compounded by the violation of the order we imposed to prevent the very neglect and incompetence documented in this case. Considering the purposes behind the imposition of attorney discipline, this additional misconduct, combined with the other misconduct, clearly warrants a suspension. We agree with the Commission that a one-year suspension is appropriate under all the circumstances. Pracht has shown to be unable to handle probate matters in a competent manner, and has failed to cooperate with our restrictions and conditions imposed for him to handle such cases. Similarly, he has failed to cooperate with the Board. Therefore, we suspend Pracht's license to practice law indefinitely with no possibility of reinstatement for one year. In addition, Pracht shall be barred from handling probate matters following any reinstatement until further order of the court. This suspension shall be concurrent with his present suspension. This suspension applies to all facets of the practice of law. Iowa Ct. R. 35.12. Upon application for reinstatement, Pracht must establish that he has not practiced law during the suspension and that he has in all other ways complied with the requirements of Iowa Court Rule 35.21. Costs of

this action are taxed to Pracht pursuant to Iowa Court Rule 35.25.

**LICENSE SUSPENDED.**