Kimberly **WURPTS**, Plaintiff–Appellant,

v.

**IOWA DISTRICT COURT FOR SIOUX COUNTY,** Defendant–Appellee.

No. 03–0970.

Court of Appeals of Iowa.

May 26, 2004.

Timothy J. Kramer of Waagmeester Law Office, P.L.C., Rock Rapids, for appellant.

Dan W. Pluim of Rensink, Pluim & Vogel, Orange City, for appellee.

Heard by MAHAN, P.J., and ZIMMER and EISENHAUER, JJ.

MAHAN, P.J.

## I.  Background Facts & Proceedings

Kimberly Wurpts and Justin Kelly are the parents of Kiana, born in May 1996. Kimberly and Justin have never been married. Justin has a lengthy criminal history and has had periods of incarceration.

In 1999 Justin's parents, Paul and Sally Kelly, filed a petition seeking grandparent visitation. On November 1, 1999, the district court entered a decree pursuant to Iowa Code section 598.35(6) (1999), granting the grandparents extensive visitation with Kiana. On October 18, 2001, Kimberly was found to be in contempt for failing to provide visitation to the grandparents on some dates. She was ordered to serve seven days in jail, but was allowed to purge herself by "making the child available for weekend visitation and future visitations pursuant to the Decree...."

In the meantime, Justin filed a petition seeking joint custody of Kiana and visitation with the child. Kimberly filed a petition seeking termination of Justin's parental rights. She also sought to modify the grandparent visitation order by eliminat-

ing such visitation. These three actions were consolidated.

On February 7, 2002, the district court determined that while Kimberly had established sufficient grounds to terminate Justin's parental rights due to his failure to pay child support, termination was not in Kiana's best interests because of the established relationship between Justin and Kiana. Because of a history of domestic abuse between the parents, the court determined Kimberly should have sole custody. The court set forth a specific visitation schedule for Justin, which included alternating weekends, some holidays, and two two-week periods in the summer. In regard to grandparent visitation, the court ruled:

> Kimberly's petition to modify Paul and Sally Kelly's grandparent visitation rights is granted. Paul and Sally Kelly's grandparent visitation rights are now combined with Justin Kelly's visitation rights. Paul and Sally Kelly are entitled to exercise Justin's visitation rights when Justin is unable to do so, provided in any calendar year Paul and Sally Kelly's visitation shall not exceed 25 percent of the total visitation granted Justin.

On January 6, 2003, Paul, Sally, and Justin filed applications for rule to show cause claiming Kimberly was in contempt for failure to permit them to exercise visitation on some occasions. They did not differentiate between visitation which was granted the grandparents and that granted to Justin. Kimberly responded that while she had denied visitation at times, she later permitted make-up visitation.

The district court determined the evidence showed beyond a reasonable doubt that Kimberly had denied visitation to the grandparents and Justin on numerous occasions. The court found the February 7, 2002, order regarding grandparent visitation was not vague. The district court ordered Kimberly to serve twenty days in jail, plus the seven days ordered on October 18, 2001. Kimberly was ordered to pay $750 in attorney fees for the grandparents and Justin.

Kimberly filed a motion to reconsider, claiming the grandparent visitation order was unconstitutional. The district court concluded the grandparent visitation order in this case was not unconstitutional because it was combined with the visitation ordered for Justin. Kimberly filed a petition for writ of certiorari.

## II. Standard of Review

In this certiorari action, our review is for the correction of errors at law. *Polk County Sheriff v. Iowa Dist. Court*, 594 N.W.2d 421, 423 (Iowa 1999). We will find a district court's action is illegal when the court's findings do not have substantial evidentiary support. *Whitlock v. Iowa Dist. Court*, 497 N.W.2d 891, 893 (Iowa 1993). On constitutional issues, our review is de novo. *Perkins v. Board of Supervisors*, 636 N.W.2d 58, 64 (Iowa 2001).

## III. Constitutionality of section 598.35(6)

Kimberly contends the grandparent visitation order in this case, which was based on section 598.35(6), is unconstitutional. She asserts she should not be found in contempt for violating an unconstitutional order.

Section 598.35(6) provides for grandparent visitation when the "paternity of a child born out of wedlock is judicially established and the grandparent of the child is the parent of the mother or father ... and the mother of the child has custody of the child, or ... custody has been awarded to the father of the child." A grandparent must also show visitation is in the best

interests of the child and a substantial relationship already exists between the grandparent and grandchild. Iowa Code § 598.35.

In regard to grandparent visitation, the Iowa Supreme Court previously found section 598.35(1), which applied if the parents are divorced, was unconstitutional. *In re Marriage of Howard*, 661 N.W.2d 183, 192 (Iowa 2003). Section 598.35(3), which applied when the parent of the child, who was the child of the grandparent, had died, was also found unconstitutional. *Lamberts v. Lillig*, 670 N.W.2d 129, 135 (Iowa 2003). Moreover, section 598.35(7), which dealt with situations where the parent of the child unreasonably refused visitation by the grandparent, was also determined to be unconstitutional. *Santi v. Santi*, 633 N.W.2d 312, 321 (Iowa 2001).

A parent's interest in the care, custody, and control of his or her child is "perhaps the oldest of the fundamental liberty interests." *Troxel v. Granville*, 530 U.S. 57, 65, 120 S.Ct. 2054, 2060, 147 L.Ed.2d 49, 56 (2000). Any infringement on this interest by the State must be narrowly tailored to serve a compelling State interest. *Howard*, 661 N.W.2d at 188. Protecting children from the cessation of a substantial existing grandparent-grandchild relationship may be considered a compelling State interest. *Id.* at 191. Our supreme court, however, has concluded other provisions of the grandparent visitation statute were not narrowly tailored:

> [T]he grandparent-grandchild relationship requirement does not address the presumption that fit parents make decisions that benefit their children. There is nothing in either requirement that mandates the judge to give special weight to the parents' decision. Accordingly, the statute on its face not only fails to recognize the degree of harm or potential harm to the child needed to

support state intervention, but it also fails "to require a threshold finding of parental unfitness." It also fails to require the court to consider a parent's objections to allowing visitation. We believe these provisions must be a part of any grandparent visitation statute under our Due Process Clause.

*Id.* at 192 (citations omitted). In *Lamberts*, the supreme court upheld its earlier conclusions in *Howard*. *Lamberts*, 670 N.W.2d at 133.

Section 598.35(6) is unconstitutional for the same reasons other provisions in the grandparent visitation statute were ruled unconstitutional. It fails to comport with the Due Process Clause on its face. *Id.*

## IV. Collateral Bar Rule

■■■ Generally, a party cannot collaterally attack the validity of a court order which is the basis for a contempt decision. *Allen v. Iowa Dist. Court*, 582 N.W.2d 506, 508 (Iowa 1998). The proper means to challenge an underlying court order is to appeal that order. *Id.* Violation of an erroneous order may be punished by contempt. *Iowa Supreme Court Bd. of Prof'l Ethics & Conduct v. Hughes*, 557 N.W.2d 890, 892 (Iowa 1996). However, a person may not be punished for violation of a void order. *Id.*

We note that in the past, where a statute was unconstitutional, the supreme court ruled a finding of contempt based on such a statute must be reversed. *Livermore v. Livermore*, 233 Iowa 1155, 1161, 11 N.W.2d 389, 392 (1943) (quoting *State ex rel. Bissell v. Devore*, 225 Iowa 815, 821, 281 N.W. 740, 743 (1938)); *see also Eikenbury & Co. v. Edwards*, 67 Iowa 619, 621, 25 N.W. 832, 833 (1885) (noting a person is not guilty of contempt for violating an order based on an unconstitutional statute). We conclude Kimberly should not be

found in contempt for violating an unconstitutional order.

### V. Contempt based on Grandparent Visitation

■ Because we have concluded section 598.35(6) is unconstitutional, we determine Kimberly should not be found in contempt for failing to provide grandparent visitation. We additionally determine the grandparent visitation order of February 7, 2002, was vague because it was not clear whether the grandparents were entitled to unlimited visitation as long as Justin did not object, or whether they were limited to twenty-five percent of Justin's visitation and only during times when Justin was unavailable. A person will not be found in contempt if failure to comply with a court order is based on the indefiniteness of the order. *In re Inspection of Titan Tire*, 637 N.W.2d 115, 132 (Iowa 2001); *Christensen v. Iowa Dist. Court*, 578 N.W.2d 675, 678 (Iowa 1998).

We conclude Kimberly should not be found in contempt based on any failure to permit grandparent visitation.

### VI. Sufficiency of the Evidence

Kimberly was found to be in contempt for failing to provide visitation to the grandparents and Justin. Although we have found Kimberly should not be punished for failing to provide grandparent visitation, she could still be in contempt based on the alleged failure to provide visitation to Justin. Kimberly claims Justin failed to meet his burden of proof to show she was in contempt.

■ A finding of contempt must be established by proof beyond a reasonable doubt. *Gimzo v. Iowa Dist. Court*, 561 N.W.2d 833, 835 (Iowa Ct.App.1997). Justin had the burden to prove Kimberly had a duty to obey the court order and willfully failed to perform that duty. *See In re*

*Marriage of Jacobo*, 526 N.W.2d 859, 866 (Iowa 1995). If Justin showed a violation of a court order, Kimberly would have the burden to produce evidence that the violation was not willful. *See id.* Justin, however, would . retain the burden to prove willfulness beyond a reasonable doubt. *See id.*

■ Willful disobedience is shown by,

evidence of conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemnor had the right or not.

*Lutz v. Darbyshire*, 297 N.W.2d 349, 353 (Iowa 1980). A party may show a failure to comply with a court order was not willful because (1) the court order was indefinite, or (2) the contemnor was unable to perform the act ordered. *Christensen*, 578 N.W.2d at 678.

■ We determine Justin has failed to show, beyond a reasonable doubt, that Kimberly willfully violated a court order. We have already determined the order for grandparent visitation was vague as to the amount of visitation to which the grandparents were entitled. Justin's mother, Sally, made almost all of the arrangements for visitation, and the grandparents picked Kiana up for visitation. It was unclear whether the grandparents were acting on their own behalf, or whether they were acting for Justin. Kimberly testified Sally would call and ask for "her" visitation. Because the court order was unclear regarding the amount of the grandparents' visitation, Kimberly reasonably denied visitation to the grandparents in the belief that they had already exceeded the amount of visitation they were entitled to under the decree. We determine there is not evidence beyond a reasonable doubt

that by her conduct Kimberly was intentionally denying visitation to Justin, since Justin almost never sought visitation on his own behalf.

We conclude Justin failed to show Kimberly willfully violated the court order regarding visitation.

### VII. Other Issues

Because we have determined Kimberly was not in contempt in regard to either the grandparents or Justin, we also determine the grandparents and Justin are not entitled to trial attorney fees. We reverse the decision of the district court. Costs of this appeal are assessed to Paul Kelly, Sally Kelly, and Justin Kelly.

**REVERSED.**