# IN THE COURT OF APPEALS OF IOWA

No. 18-0110
Filed August 7, 2019

IN RE THE MARRIAGE OF LEAH ANNETTE OKRZYNSKI
AND MARVIN OMAR CAMPOS

Upon the Petition of
LEAH ANNETTE OKRZYNSKI,
        Petitioner-Appellee,

And Concerning
MARVIN OMAR CAMPOS,
        Respondent-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.


Marvin Campos appeals the district court's denial of his petition to modify the parties' dissolution decree. **AFFIRMED AND REMANDED.**



Ronald E. Langford of Langford Law Office, LLC, Des Moines, for appellant.

Bo Woolman of Woolman Law Office, PLLC, Des Moines, for appellee.


Considered by Vaitheswaran, P.J., Mullins, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VAITHESWARAN, Presiding Judge.**

In this appeal from the dismissal of a petition to modify a dissolution decree, we must decide whether the district court erred in concluding the petition amounted to an impermissible collateral attack on prior orders.

The proceedings that led to the filing of the petition are undisputed. Marvin Campos and Leah Okrzynski married and divorced. No appeal was taken. Okrzynski filed a petition to modify the property provisions of the decree. The parties stipulated to a modification, and the district court approved the stipulation. Again, no appeal was taken. Okrzynski sought to have Campos held in contempt for failing to abide by the stipulated modification decree. Following a hearing, the district court found Campos in contempt but withheld mittimus pending compliance. Campos petitioned for a writ of certiorari and sought to stay the order for mittimus. The Iowa Supreme Court denied the petition.

That brings us to the proceeding underlying this appeal. Campos filed a petition to modify the decree. He challenged the prior modification decree as well as the prior finding of contempt. At a non-evidentiary hearing on the petition, he argued the district court lacked subject matter jurisdiction to enter the prior modification decree; the decree, accordingly, was void; and it could not serve as the basis of the later contempt finding.

The district court addressed the argument as follows:

> Generally a party cannot collaterally attack the validity of a court order that is the basis for a contempt decision. *Allen v. Iowa Dist. Ct.*, 582 N.W.2d 506, 508 (Iowa 1998). However, a party cannot be punished for violating a void order. *Iowa Supreme Ct. Bd. of Prof'l Ethics v. Hughes*, 557 N.W.2d 890, 892 (Iowa 1996) (citing *Clark v. Dist. Ct.*, 125 N.W.2d 264, 266 (Iowa 1963)). A void judgment may be stricken at any time. *Williamson v. Williamson*, 161 N.W. 482,

485 (Iowa 1917). A court order is void when it is entered without subject matter jurisdiction. *Hughes*, 557 N.W.2d at 892. Subject matter jurisdiction is the authority to hear and determine cases of the general class to which the proceedings in question belong. *Id.* "If there is jurisdiction of the parties and legal authority to make an order, it must be obeyed, however erroneous or improvident." *Lutz v. Darbyshire*, 297 N.W.2d 349, 352 (Iowa 1980) (overruled on other grounds by *Phillips v. Iowa Dist. Ct.*, 380 N.W.2d 706, 709 (Iowa 1986)). Violations of orders merely alleged to be erroneous may be punished as contempt. *Hughes*, 557 N.W.2d at 892. The stipulated order for modification entered in January 2013 is not void. The district court had . . . personal jurisdiction over the parties and had subject matter jurisdiction to modify dissolution decrees. The arguments offered here—that the order is void because it modifies the property award, improperly awards alimony, and errs in finding a substantial change in circumstances—could have been raised on direct appeal. However, they were not. It is proper to hold respondent in contempt for violating the order for modification. *See White v. Iowa Dist. Ct.*, [No. 11-1831, 2012 WL 1864596 (Iowa Ct. App. May 23, 2012)] (holding that a party could be held in contempt for violating a protective order that exceeded the one-year limit set forth in applicable statute). The 2013 order for modification, which was agreed to by both parties, is final and the time to challenge it has passed. *See* Iowa Code § 624A.1; Iowa R. Civ. P. 1.1013. It is not subject to collateral attack here.

The court dismissed the modification action.

On appeal, both parties reprise the arguments they made in the district court. We discern no error in the court's analysis and conclusion. We affirm the court's dismissal of the petition to modify the decree.

Both parties seek an award of appellate attorney fees. Okrzynski was "obligated to defend the trial court's decision on appeal." See *Spiker v. Spiker*, 708 N.W.2d 347, 360 (Iowa 2006) (considering an application for appellate attorney fees in a modification action). For that reason, we conclude Okrzynski is entitled to have Campos pay her appellate attorney fees. Because she has not submitted an affidavit, we remand for a hearing to determine the amount.

**AFFIRMED AND REMANDED.**