**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,**

v.

**Jeffrey L.L. STEIN, Respondent.**

**No. 98–1088.**

Supreme Court of Iowa.

Nov. 25, 1998.

Norman G. Bastemeyer, Charles L. Harrington, and David J. Grace, Des Moines, for complainant.

Jeffrey L.L. Stein, Marshalltown, pro se.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, NEUMAN, and TERNUS, JJ.

TERNUS, Justice.

The Iowa Supreme Court Board of Professional Ethics and Conduct filed a complaint alleging the respondent, Jeffrey L.L. Stein, had violated the Iowa Code of Professional Responsibility by neglecting legal matters entrusted to him and by attempting to cover up this neglect by misrepresenting his actions to other attorneys and the court. *See* Iowa Code of Professional Responsibility DR 1–102(A)(4), (5), (6) (stating a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation, prejudicial to the administration of justice, or reflecting adversely on the lawyer's fitness to practice law), DR 6–101(A)(3) (stating a lawyer shall not neglect a client's legal matter). The Grievance Commission found the Board had proved the alleged violations and recommended Stein's license be suspended for six months. Our review is required by Iowa Supreme Court Rule 118.10.

We find, as did the Grievance Commission, that the Board proved the alleged ethical violations by a convincing preponderance of the evidence. *See generally Iowa Supreme Ct. Bd. of Professional Ethics & Conduct v. Mayer,* 570 N.W.2d 647, 648 (Iowa 1997) (holding the standard of proof in a disciplinary hearing is a convincing preponderance of the evidence); *Iowa Supreme Ct. Bd. of Professional Ethics & Conduct v. Hughes,* 557 N.W.2d 890, 892 (Iowa 1996) (stating Supreme Court's review in disciplinary cases is de novo). Finding these to be serious breaches of Stein's ethical duties, we suspend his license to practice law in the State of Iowa with no possibility of reinstatement for 180 days from the date of this opinion.

I. *Factual Findings.*

In setting forth our factual findings, we borrow heavily from the well-written decision of the Commission. Stein was admitted to the practice of law in the State of Iowa in 1988. Since 1991, he has practiced by himself without the benefit of clerical assistance.

Until May 1996, he also taught courses in the journalism department of Iowa State University. The events giving rise to the present complaint occurred in two cases, which we will discuss separately.

A. *Mequi litigation and appeal.* Stein was employed by Bonafacio and Susana Mequi to pursue a medical malpractice claim against a hospital, a physician, and two physician professional corporations. (Our future references to the physician include the professional corporations.) The doctor was represented by attorney John McClintock and the hospital was represented by attorney Robert Rouwenhorst.

Stein filed a petition on behalf of the Mequis on March 27, 1996, just before the statute of limitations expired on their claim. He failed, however, to promptly serve the original notice and petition on the defendants. On June 4, 1996, Stein sent an identical letter to Rouwenhorst and McClintock, in which he stated:

> My records indicate that on April 17, 1996, I sent a copy of an original notice and petition at law ... to each of you to accept on behalf of your respective clients. To date, I have not received a response, nor is there an appearance or answer in the court file.
>
> Frankly, the fact that I have not received an answer or correspondence from either of you makes me suspect that you neither one received the documents. Please let me know so I can have another set sent out by certified mail, as needed.

Neither McClintock nor Rouwenhorst had received the purported letter of April 17, 1996.

McClintock received Stein's June 4 letter on June 5 and, after talking with Rouwenhorst, responded the same day. He informed Stein that neither he nor Rouwenhorst had received the original notice and petition. McClintock asked Stein to forward copies of these documents. When McClintock received no response to his letter, he wrote Stein again on June 25, attaching a copy of his June 5 letter.

Two days later, on June 27, 1996, McClintock and Rouwenhorst received copies of the original notice and petition, together with a letter from Stein bearing a date of June 20, 1996. The envelope containing this letter was retained by McClintock; it showed a postmark of June 26.

The defendants filed answers. A scheduling order was eventually entered by the court setting a deadline of November 15, 1996, for the plaintiffs to disclose expert witnesses. On November 15, Stein faxed a letter to the defendants' lawyers, requesting an additional week to designate an expert. He stated the designation would be made in his clients' answers to interrogatories due on November 22. The defendants' attorneys agreed to this extension.

After defense counsel failed to receive answers to interrogatories on November 22, they filed a joint motion for summary judgment on December 4, 1996. The defendants contended in their motion that the plaintiffs were unable to prove medical negligence, basing this contention on the premise that the plaintiffs' failure to designate an expert witness would preclude them from presenting expert testimony at trial. In the resistance filed by Stein, he claimed that he had mailed the interrogatory answers on November 22. The defendants' attorneys denied receiving the answers.

Stein did not file a proof of service of interrogatory answers on or about the alleged date of service as required by the rules of civil procedure. *See* Iowa R. Civ. P. 82(g) (1997) (requiring that proof of service "be filed in the clerk's office promptly"). On December 11, 1996, nineteen days after the alleged service of the interrogatory answers, he finally filed a proof of service with the district court, in which he stated that the answers had been mailed on November 22. We note this proof of service was filed after the defendants had filed their summary judgment motion.

At the hearing on the defendants' motion, the defendants introduced an affidavit from an employee of the United States Post Office. Referring to the purported mailings of April 17, 1996, and November 22, 1996, she stated it was unlikely that none of the four separate items correctly addressed with proper postage made it to the addressee or were re-

turned to the sender. (Stein did not offer any return envelopes to support his claim that the mailings had been sent.) The district court found that the answers to interrogatories had not been timely mailed and ruled that the plaintiffs' failure to timely designate an expert precluded them from presenting expert testimony at trial. Nevertheless, the court denied summary judgment on the ground that the plaintiffs might be able to prove negligence without expert testimony.

The defendants subsequently renewed their motion for summary judgment, this time supported with the affidavit of an expert stating that the condition from which Mr. Mequi suffered could not have been caused by the defendants' treatment of Mr. Mequi. The plaintiffs presented no affidavit to counter this testimony. On March 7, 1997, the district court granted summary judgment to the defendants and dismissed the plaintiffs' petition.

Stein filed a notice of appeal on behalf of his clients on April 7, 1997. On May 13, 1997, the clerk of the Supreme Court served a default notice on Stein based on his failure to pay the docket fee within the time specified by Iowa Rule of Appellate Procedure 12(b)(6). The notice warned that unless the default was cured within fifteen days of service of the notice (May 28), the appeal would be dismissed for want of prosecution. Stein did not arrange for payment of the docket fee until June 5, thereby risking dismissal of his clients' appeal. The late fee was accepted by the clerk, however, and the appeal was not dismissed. At the time of the hearing before the Grievance Commission, Stein was again in default on the appeal for his failure to file a proof brief and designation of appendix within the time required under the appellate rules.

B. *Mason estate litigation and appeal.* Stein represented the administrator of the Estate of Angela M. Mason and related parties as plaintiffs in a lawsuit filed against the Wolfe Eye Clinic. The Clinic was represented by Robert Rouwenhorst. This suit was dismissed on November 18, 1996, on the basis that it was filed after the statute of limitations had expired.

Stein filed a notice of appeal on December 18, 1996. Under Iowa Rule of Appellate Procedure 10(b), he was required to file a combined certificate in the Supreme Court and in the district court within four days of filing the notice of appeal. He was also required to serve the combined certificate on opposing counsel within this same time frame.

Stein failed to file the combined certificate when due. So, on January 7, 1997, the Supreme Court clerk issued a notice of default, warning Stein that the appeal would be dismissed if he did not cure the delinquency within fifteen days. Again, Stein failed to act promptly. On January 27, five days beyond the fifteen-day period specified in the default notice, he served the combined certificate by mailing a copy to attorney Rouwenhorst. The date of mailing is shown by the postmark on the envelope. The combined certificate was filed with the district court clerk on January 27, and was received by the Supreme Court clerk on January 29. Despite the foregoing, Stein certified to the Supreme Court clerk on the combined certificate that he (1) had served the combined certificate on opposing counsel on January 22, (2) had mailed it to the Supreme Court clerk on January 22, and (3) had personally delivered the combined certificate to the district court clerk on January 22.

Subsequently, two additional notices of default were issued to Stein by the Supreme Court clerk. On May 29, 1997, the clerk issued a default notice for Steins failure to timely file and serve the proof brief and designation of appendix. On September 19, 1997, the clerk issued a default notice for Stein's failure to file and serve the appendix.

C. *Accuracy of Stein's representations concerning mailings and filing.* We find, as did the Commission, that there were eight mailings and one hand-delivered filing that were never received by the intended recipient or arrived under circumstances inconsistent with a mailing (or delivery) date as claimed by Stein.[1] We find that Stein's rep-

---

**1.** The specific items to which we refer are (1) the

mailings of April 17, 1996, to McClintock and

resentations to opposing counsel and to the court as to the mailing and delivery dates of these documents were false.

## II. *Ethical Violations.*

Neglect of a client's legal matter is a violation of DR 6–101(A)(3). *See* Mayer, 570 N.W.2d at 648–49 (finding violation of DR 6–101(A)(3) where attorney failed to file stipulation to modify custody and support order); *Committee on Professional Ethics & Conduct v. Gill*, 479 N.W.2d 303, 306 (Iowa 1991) (finding a violation of DR 6–101(A)(3) where attorney's failure to file a designation of the contents of the appendix resulted in dismissal of his client's appeal). Stein neglected the Mequi litigation by failing to file timely discovery responses and by failing to meet the appellate deadlines for filings in the appeal. He also neglected the Mason litigation by failing to make timely appellate filings.

Neglect, in and of itself, is a serious matter, particularly when it is not an isolated occurrence. But the neglect here is compounded by the false explanations and certifications made by Stein to opposing counsel, the district court and our court, all in a clear attempt to conceal his neglect of his clients' cases. This conduct violates DR 1–102(A)(4), (5), and (6). *See Iowa Supreme Ct. Bd. of Professional Ethics & Conduct v. Alexander*, 574 N.W.2d 322, 326 (Iowa 1998) (holding attorney's misrepresentation of the mailing date of a letter and misrepresentation of the nature of her conversation with a police officer violated DR 1–102(A)(4)); *Committee on Professional Ethics & Conduct v. Conzett*, 476 N.W.2d 43, 45 (Iowa 1991) (holding that fabrication of a false settlement offer was a violation of DR 1–102(A)(4) and DR 1–102(A)(5)).

## III. *Sanction.*

■ We focus on several factors in considering the appropriate discipline: "the nature of the alleged violations, the need for deterrence, protection of the public, maintenance of the reputation of the law as a whole, and the respondent's fitness to continue in the practice of law." *Committee on Professional Ethics & Conduct v. Havercamp*, 442 N.W.2d 67, 69 (Iowa 1989). We also consider the Commission's recommendation that Stein's license to practice law be suspended indefinitely with no possibility of reinstatement for a minimum period of six months. *See Hughes*, 557 N.W.2d at 892 (holding court is not bound by the recommendation of the Commission, but will respectfully consider it). We think the suspension of Stein's license indefinitely with no possibility of reinstatement for 180 days is an appropriate sanction under the facts before us.

■ Although Stein has no prior disciplinary record, his consistent pattern of neglecting clients' matters and, more important, the numerous misrepresentations made by Stein to cover up this neglect warrant a serious sanction. As this court noted in *Committee on Professional Ethics & Conduct v. Bauerle*, 460 N.W.2d 452 (Iowa 1990):

> Fundamental honesty is the base line and mandatory requirement to serve in the legal profession. The whole structure of ethical standards is derived from the paramount need for lawyers to be trustworthy. The court system and the public we serve are damaged when our officers play fast and loose with the truth. The damage occurs without regard to whether misleading conduct is motivated by the client's interest or the lawyer's own.

*Bauerle*, 460 N.W.2d at 453. Stein's conduct shows that he lacks an understanding of the lawyer's vital role in the justice system.

Accordingly, we suspend Stein's license to practice law indefinitely with no possibility of reinstatement for 180 days from the date of this opinion. Costs of this action are assessed against Stein pursuant to Iowa Supreme Court Rule 118.22.

## LICENSE SUSPENDED.

---

Rouwenhorst, (2) the mailings of June 20, 1996, to McClintock and Rouwenhorst, (3) the November 22, 1996, service of the plaintiffs' answers to interrogatories, and (4) the January 22, 1997, service and filing of the combined certificate.