# IN THE SUPREME COURT OF IOWA

No. 31 / 05-1989

Filed April 14, 2006

**IOWA SUPREME COURT ATTORNEY
DISCIPLINARY BOARD,**

Complainant,

vs.

**RONALD F. WALKER,**

Respondent.

On review of the report of the Grievance Commission.

Iowa Supreme Court Grievance Commission recommends a four-month suspension of respondent's license to practice law in this state. **LICENSE SUSPENDED.**

Charles L. Harrington and Teresa A. Vens, Des Moines, for complainant.

Ronald F. Walker, Knoxville, pro se.

**WIGGINS, Justice.**

The Iowa Supreme Court Attorney Disciplinary Board (Board) filed a complaint alleging Ronald F. Walker violated numerous rules of the Iowa Code of Professional Responsibility for Lawyers (Code). Walker acknowledged if the matter proceeded to evidentiary hearing before the Grievance Commission (Commission), he could not successfully defend against the charges. The parties agreed to submit the matter to the Commission upon a stipulation in lieu of an evidentiary hearing. The Board and Walker stipulated to the facts of the complaint, to certain violations of the Code, and to a recommendation of a four-month suspension of Walker's license to practice law in Iowa with conditions for reinstatement of his license.

The Commission filed its report finding the Board had proved the factual allegations of the complaint as well as violations of the Code by a convincing preponderance of the evidence. The Commission recommended that we suspend Walker's license to practice law indefinitely with no possibility of reinstatement for four months. The Commission further recommended that, as a condition of reinstatement of his license, Walker prove he received successful treatment for his depression and after reinstatement provide semi-annual verifications he is complying with any treatment for his depression as recommended by his physician.

## I. Scope of Review.

The record made before the Commission is reviewed de novo. *Iowa Supreme Ct. Attorney Disciplinary Bd. v. Moonen*, 706 N.W.2d 391, 396 (Iowa 2005). We require the Board to prove any ethical violations by a convincing preponderance of the evidence. *Id.* Although we consider the Commission's factual findings and discipline recommendations, they do not bind us. *Iowa*

*Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Honken*, 688 N.W.2d 812, 815 (Iowa 2004).

## II. Factual Findings.

The stipulation of the parties causes us to find Walker neglected three separate estate matters. In the first estate matter, the clerk of court issued six delinquency notices over a four-year period. The clerk issued eleven delinquency notices over an eleven-year period in the second estate matter. Finally, in the third estate matter, the clerk issued seven delinquency notices over a four-year period. In each of the estate matters, Walker filed his final report representing to the court he complied with all the statutory requirements pertaining to the state and federal tax laws, when in fact he had not complied with all those requirements at the time he made those representations. Walker's neglect caused one of the estates to be assessed a penalty and interest on the Iowa inheritance/estate tax. Walker did make restitution for the penalty and interest. The district court eventually removed Walker as attorney for each estate.

The Board received a complaint regarding Walker's conduct in the three estate matters. The Board sent Walker a copy of the complaint and a letter requesting a response by certified mail. Walker signed for the receipt of the items but failed to respond to the complaint. The Board sent a second letter to Walker by certified mail informing him of the consequences of failing to respond. Walker signed for the receipt of the second letter but still failed to respond to the complaint.

In another matter, a client retained Walker for the purposes of preparing a contract, preparing a deed, and updating the abstract in connection with the transaction. In February 2002, the client signed the contract and the deed. Walker then undertook to record the contract and

the deed at the Marion County courthouse and update the abstract. Over the next several months, the client repeatedly checked with Walker about the status of the recording. Walker represented to the client that he would file the contract and the deed or that he had filed them, when in fact the contract and the deed were not filed. In April 2003, the client learned Walker had still not recorded the contract and the deed.

Walker acknowledged and we agree his conduct in these matters violated DR 1-102(A)(1) (providing a lawyer shall not violate a disciplinary rule); DR 1-102(A)(4) (providing a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1-102(A)(5) (providing a lawyer shall not engage in conduct that is prejudicial to the administration of justice); DR 1-102(A)(6) (providing a lawyer shall not engage in any other conduct that adversely reflects on the fitness to practice law); DR 6-101(A)(3) (providing a lawyer shall not neglect a client's legal matter); DR 7-101(A)(1) (providing a lawyer shall not intentionally fail to seek the lawful objectives of a client); DR 7-101(A)(2) (providing a lawyer shall not intentionally fail to carry out a contract of employment); and DR 7-101(A)(3) (providing a lawyer shall not intentionally prejudice or damage a client during the course of the professional relationship).

**III. Sanction.**

In determining the sanctions a lawyer must face due to his or her misconduct, we have stated:

> The goal of the Code of Professional Responsibility is "to maintain public confidence in the legal profession as well as to provide a policing mechanism for poor lawyering." When deciding on an appropriate sanction for an attorney's misconduct, we consider "the nature of the violations, protection of the public, deterrence of similar misconduct by others, the lawyer's fitness to practice, and [the court's] duty to uphold the integrity of the profession in the eyes of the public."

> We also consider aggravating and mitigating circumstances present in the disciplinary action.

*Honken,* 688 N.W.2d at 820 (alteration in original) (citations omitted).  In this case, Walker's conduct consisted of neglecting clients' legal matters, making misrepresentations to the court and a client, and failing to respond to the Board.

While neglect alone ordinarily deserves a sanction ranging from a public reprimand to a six-month suspension, neglect compounded by other misconduct requires us to impose a more severe sanction than when neglect is the only violation.  *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Moorman,* 683 N.W.2d 549, 553-54 (Iowa 2004); *see, e.g., Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Pracht,* 656 N.W.2d 123, 124, 126 (Iowa 2003) (finding an attorney's failure to comply with a court order, neglect of client matters, and failure to cooperate with the Board warranted a one-year suspension); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Bernard,* 653 N.W.2d 373, 374, 376 (Iowa 2002) (finding an attorney's commission of a criminal act, making of a false statement to the Board, and neglect of client matters warranted a one-year suspension); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Rylaarsdam,* 636 N.W.2d 90, 91, 93 (Iowa 2001) (finding an attorney's neglect of two estates, forgery of clients' signatures, falsification of a court document, misrepresentations to clients, and failure to respond to the Board's inquiries warranted a six-month suspension); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Hohenadel,* 634 N.W.2d 652, 653, 657 (Iowa 2001) (finding an attorney's neglect of two clients' legal matters as well as his misrepresentations to the court and his clients as to the status of those matters warranted a four-month suspension); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct  v. Sullins,* 613 N.W.2d 656, 657 (Iowa 2000) (finding an attorney's neglect of client matters, disregard of the

Board's inquiries, and failure to maintain proper record keeping warranted a one-year suspension); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Stein*, 586 N.W.2d 523, 526 (Iowa 1998) (finding an attorney's consistent pattern of neglect of client matters and his numerous misrepresentations made to cover up his neglect warranted a six-month suspension); *Comm. on Prof'l Ethics & Conduct v. Horn*, 379 N.W.2d 6, 9-10 (Iowa 1985) (finding an attorney's failure to cooperate with the committee, neglect of a matter entrusted to him, and misrepresentations regarding the matter warranted a three-month suspension).

The aggravating factors to consider here include multiple incidents of neglect. *Moorman*, 683 N.W.2d at 553. Walker's various actions throughout his handling of the four separate legal matters demonstrate that neither his neglect nor his misrepresentations were isolated in nature. Moreover, Walker's misrepresentations are not only a breach of professional ethics in themselves but also serve to exacerbate his negligence. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Rauch*, 650 N.W.2d 574, 578 (Iowa 2002) (stating a lawyer's violation of a disciplinary rule is aggravated by a misrepresentation to the court). Additionally, Walker's failure to respond to the Board on two occasions "reflects adversely on his general fitness to practice law and is an additional factor in imposing discipline." *Moorman*, 683 N.W.2d at 553-54. Finally, it is significant that Walker's actions caused harm to others in terms of cost and delay to his clients. *Honken*, 688 N.W.2d at 821.

On the other hand, there may be some mitigating factors present in this case. Walker is apparently suffering from depression. We have recognized depression may influence our approach to discipline, but we consider it "a personal problem of the lawyer that does not excuse the

misconduct." *Id.* at 821-22. Also, it is important to note that Walker apparently has not had any prior disciplinary problems. *See Comm. on Prof'l Ethics & Conduct v. Nadler*, 467 N.W.2d 250, 254 (Iowa 1991) (stating prior disciplinary action taken against a lawyer is considered in determining the proper discipline). However, the multiple violations and the continual nature of the incidents dilute this factor. *Moonen*, 706 N.W.2d at 402.

### IV. Disposition.

In light of the above facts and circumstances surrounding Walker's conduct, we suspend Walker's license to practice law in this state indefinitely with no possibility of reinstatement for six months. Upon any application for reinstatement, Walker must establish he has not practiced law during the suspension period and he has in all ways complied with the requirements of Iowa Court Rule 35.13. In his application for reinstatement, Walker must provide this court with an evaluation by a licensed health care professional verifying his fitness to practice law. Before obtaining this evaluation, Walker shall submit to the Board the name of the proposed evaluator and the nature of the evaluation for the Board's prior approval. Walker must also comply with the notification requirements of Iowa Court Rule 35.21. Finally, the costs of this action are taxed against Walker pursuant to Iowa Court Rule 35.25.

**LICENSE SUSPENDED.**