# IN THE SUPREME COURT OF IOWA

No. 62 / 06-0003

Filed July 28, 2006

**IOWA SUPREME COURT ATTORNEY
DISCIPLINARY BOARD,**

      Complainant,

vs.

**THOMAS P. FRERICHS,**

      Respondent.

_____

On review of the report of the Grievance Commission.


Iowa Supreme Court Grievance Commission recommends a six-month suspension of respondent's license to practice law. **LICENSE SUSPENDED.**


Charles L. Harrington and Laura M. Roan, Des Moines, for complainant.


Clemens A. Erdahl of Nidey, Peterson, Erdahl & Tindal, Cedar Rapids, for respondent.

**WIGGINS, Justice.**

The Iowa Supreme Court Attorney Disciplinary Board (Board) filed a complaint alleging Thomas P. Frerichs violated numerous rules of the Iowa Code of Professional Responsibility for Lawyers in handling a legal matter. The Grievance Commission (Commission) found the Board had proved the allegations of the complaint and recommended we suspend Frerichs' license to practice law for six months. We agree with the Commission that Frerichs' conduct violated numerous rules of the Iowa Code of Professional Responsibility for Lawyers; however, we disagree with its recommended sanction and suspend Frerichs' license to practice law in this state indefinitely with no possibility of reinstatement for three months.

### I. Scope of Review.

This court reviews attorney disciplinary proceedings de novo. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Honken,* 688 N.W.2d 812, 815 (Iowa 2004). We consider the factual findings and disciplinary recommendations of the Commission in deciding the matter. *Iowa Supreme Ct. Attorney Disciplinary Bd. v. Moonen,* 706 N.W.2d 391, 396 (Iowa 2005). Ethical violations must be proven by a convincing preponderance of the evidence. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Williams,* 675 N.W.2d 530, 531 (Iowa 2004).

### II. Background Facts and Proceedings.

The Board filed a complaint against Frerichs consisting of two counts alleging various violations of the Iowa Code of Professional Responsibility for Lawyers. Frerichs filed an answer admitting and denying various parts of the complaint. The Commission held a hearing at which Frerichs testified. At the hearing, the Board's and Frerichs' exhibits were admitted by agreement of the parties. One of the exhibits contained a stipulation by the

parties to certain facts, ethical violations, and prior disciplinary action against Frerichs.

On our de novo review, we find Frerichs represented a client who had been personally served with a notice of forfeiture. The Iowa Code provides such a party must file a claim opposing forfeiture within thirty days of service in order to avoid forfeiture of the subject property to the State. Iowa Code § 809A.16(1) (2001). Frerichs filed an answer and claim of exemption on the client's behalf thirty-three days after personal service of the notice.

On September 17, 2002, the district court held the forfeiture hearing in Butler County. Frerichs did not move for a continuance of the hearing nor did he appear in person or by telephone. The client appeared in person. Judge Bryan McKinley presided over the hearing. The matter proceeded to hearing and Judge McKinley dismissed the client's claim as untimely under section 809A.16(1).

Frerichs filed a motion to set aside the court's ruling. In the motion, he stated:

> This matter was set for hearing on September 17, 2002. On September 16, 2002, Mr. Frerichs' office advised the County Attorney that Mr. Frerichs would be in trial in Black Hawk County on September 17, 2002, but would ask the trial judge for permission to participate in this hearing by telephone.
>
> The presiding judge in Black Hawk County denied Mr. Frerichs' request to leave the courtroom to participate in this hearing. Furthermore, Mr. Frerichs was not allowed to leave the courtroom until the noon break, at which time he immediately called his office and advised that he had not been allowed to participate in the hearing by telephone.

Upon receipt of the motion, Judge McKinley made inquiry of Black Hawk County District Court Judge James Coil, who had presided over the Black Hawk County trial on September 17. Judge Coil indicated by letter to Judge McKinley that Frerichs never made a request to leave the courtroom

and Frerichs was allowed to leave the courtroom before the noon break. Prior to the hearing on the motion, Judge McKinley forwarded a copy of Judge Coil's letter to Frerichs. At the hearing, Frerichs corrected the inaccuracies of his motion in open court. The court accepted the correction and did not rely on the inaccuracies in overruling the motion.

The Board filed a complaint. Frerichs did not accept delivery of the Board's initial notice of complaint. After the Board personally served the complaint on Frerichs, Frerichs failed to respond to the Board's initial notice of complaint. The Board sent another notice to Frerichs by restricted certified mail. The postal service returned that notice as unclaimed. The Board then notified Frerichs by ordinary mail of the consequences of his failure to respond to the Board's notice and sent a copy of the Board's second notice informing him he had ten days to respond. Although late, Frerichs finally responded to the complaint.

Frerichs testified before the Commission as to his version of the events that led up to him filing the motion that contained the inaccuracies. He stated he was approximately number fourteen on the jury trial list in Black Hawk County for trials to begin on Tuesday. On that same Tuesday, he was scheduled to be in Butler County at the forfeiture hearing. On the preceding Friday, Frerichs became aware he was getting closer to the number one trial setting but it was not an immediate concern to him. On Monday afternoon, it became an immediate concern and Frerichs and/or his assistant attempted to contact the county attorney's office in Butler County to advise it of his conflict. Frerichs also stated on Tuesday morning he attempted to call the Butler County clerk's office in hopes of contacting the judge scheduled to be in that county on that date, but he was advised to call back. Frerichs left instructions with his assistant to contact the Butler

County judge and explain his absence. Frerichs proceeded with the Black Hawk County trial.

Later that day, Frerichs had another conversation with his assistant regarding the matter. This conversation led his assistant to believe Frerichs had attempted to leave the trial in order to make a call to Butler County but had been denied such authority by the presiding judge. After this conversation, Frerichs instructed his assistant to draft the motion. Frerichs only made a cursory review of the motion, signed it, and filed it. While he acknowledges having assumed responsibility for the motion, Frerichs continues to deny making the statements to his assistant that misrepresented his attempts to leave the courtroom to call Butler County and he denies having been aware such misrepresentations were included in the motion at the time of its filing.

Even with this explanation, we agree with the Commission's finding that Frerichs knowingly filed a motion containing false representations and did not recant his position until after Judge Coil provided a written explanation of the facts to Judge McKinley.

### III. Ethical Violations.

The Commission found Frerichs' conduct constituted a violation of Iowa Code of Professional Responsibility for Lawyers DR 1-102(A)(1) (providing a lawyer shall not violate a disciplinary rule), DR 1-102(A)(4) (providing a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 1-102(A)(5) (providing a lawyer shall not engage in conduct that is prejudicial to the administration of justice), DR 1-102(A)(6) (providing a lawyer shall not engage in any other conduct that adversely reflects on the fitness to practice law), DR 6-101(A)(3) (providing a lawyer shall not neglect a client's legal matter), and DR 7-102(A)(5)

(providing in the representation of a client, a lawyer shall not knowingly make a false statement of law or fact).

We agree with the Commission's finding that Frerichs' conduct violated DR 1-102(A)(1), DR 1-102(A)(4), DR 1-102(A)(5), DR 1-102(A)(6), and DR 6-101(A)(3). *See Iowa Supreme Ct. Attorney Disciplinary Bd. v. Walker*, 712 N.W.2d 683, 684-85 (Iowa 2006) (finding these very same violations where the attorney neglected three estate matters, neglected a real estate matter, misrepresented matters to the court and a client, and failed to respond to complaints sent by the Board).

We also agree with the Commission's finding that Frerichs' conduct violated DR 7-102(A)(5). In discussing DR 7-102(A)(5), we have stated:

> [L]awyers find themselves in disciplinary proceedings for a variety of reasons. Sometimes it is evil intent that gets a lawyer into trouble; sometimes it is merely a failure to recognize the significance of action deliberately taken. Here that failure led [the attorney] to knowingly make a false statement of fact on a document filed for public record.

*Comm. on Prof'l Ethics & Conduct v. O'Donohoe*, 426 N.W.2d 166, 168-69 (Iowa 1988); *see also Comm. on Prof'l Ethics & Conduct v. Hurd*, 325 N.W.2d 386, 389-90 (Iowa 1982) (explaining DR 7-102(A)(5), in conjunction with DR 1-102(A)(1) and DR 1-102(A)(4), means "a lawyer should conduct himself in his professional capacity with honesty and truthfulness, and should avoid statements or actions that are calculated to deceive or mislead").

**IV. Sanction.**

The Commission recommended Frerichs' conduct warrants a suspension of his license to practice law for six months; however, "the matter of sanction is solely within the authority of this court." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sloan*, 692 N.W.2d 831, 833

(Iowa 2005). In determining the sanctions a lawyer must face as a result of his or her misconduct, we have stated:

> The goal of the Code of Professional Responsibility is "to maintain public confidence in the legal profession as well as to provide a policing mechanism for poor lawyering." When deciding on an appropriate sanction for an attorney's misconduct, we consider "the nature of the violations, protection of the public, deterrence of similar misconduct by others, the lawyer's fitness to practice, and [the court's] duty to uphold the integrity of the profession in the eyes of the public." We also consider aggravating and mitigating circumstances present in the disciplinary action.

*Honken,* 688 N.W.2d at 820 (alteration in original) (citations omitted). In this case, Frerichs' conduct consisted of neglecting a client's legal matter, making a misrepresentation to the court, and failing to respond to the Board.

Precedents in attorney discipline cases involving neglect are of little value and we must consider each case on an individual basis. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Moorman,* 683 N.W.2d 549, 553 (Iowa 2004). "While neglect alone ordinarily deserves a sanction ranging from a public reprimand to a six-month suspension, neglect compounded by other misconduct requires us to impose a more severe sanction than when neglect is the only violation." *Walker,* 712 N.W.2d at 685.

An aggravating factor present in this record is a recanted misrepresentation to the court. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Rauch,* 650 N.W.2d 574, 578 (Iowa 2002) (finding a lawyer's violation of a disciplinary rule "is seriously aggravated by his misrepresentation to the court"). Another consideration is that although Frerichs admits to most of the disciplinary rule violations and he acknowledges some responsibility for the misrepresentations in the motion, he still appears to attempt to shift the blame for his actions to his assistant

who authored the motion, which does not reflect well on his fitness to practice law. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Fleming*, 602 N.W.2d 340, 342 (Iowa 1999). Finally, it is significant that Frerichs' actions caused harm to his client by his failure to file a timely response to the notice of forfeiture. *See Honken*, 688 N.W.2d at 821.

A mitigating factor in this record is Frerichs' battle with depression. Problems such as depression may influence our approach to discipline, but such issues are considered personal problems of the lawyer that do not excuse the misconduct. *Id.* at 821-22. We also consider Frerichs' attempts to address his depression through therapy and medication. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Erbes*, 604 N.W.2d 656, 658-59 (Iowa 2000) (noting an attorney's efforts to face his depression in determining the appropriate sanction).

Finally, we must consider Frerichs' previous disciplinary problems. *See Comm. on Prof'l Ethics & Conduct v. Nadler*, 467 N.W.2d 250, 254 (Iowa 1991) (stating prior disciplinary action taken against a lawyer is considered in determining the proper discipline). In September 1998, the Board admonished Frerichs for failing to provide a timely response to the Board's initial notice of complaint. In March 2001, the Board admonished Frerichs for his failure to appear at a hearing. In May 2004, we accepted the Board's public reprimand of Frerichs for failing to cure a default resulting in dismissal of his client's appeal. In September 2005, we accepted the Board's public reprimand of Frerichs for failing to cure a notice of default resulting in dismissal of his client's appeal, even though the client did not want to pursue the appeal. There the Board noted Frerichs owed a duty to the court and opposing counsel to file a voluntary dismissal promptly rather than relying on the dismissal to occur by default. Finally, in November

2003, we suspended Frerichs' license to practice law for four months for "charging an unethical and illegal fee, neglect, and failure to cooperate with the Board." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Frerichs*, 671 N.W.2d 470, 478 (Iowa 2003).

The neglect and subsequent misrepresentation that is the subject of this complaint occurred in 2002. The only disciplinary actions preceding Frerichs' conduct were the 1998 and 2001 admonitions. Accordingly, we impose a three-month suspension based on Frerichs' single act of neglect, his misrepresentation, and his failure to respond to the Board's inquiries. *See Walker*, 712 N.W.2d at 684-86 (finding neglect of four legal matters, misrepresentations to the court and a client, and failure to respond to the Board required a six-month suspension where clients were harmed and attorney suffered from depression); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Daggett*, 653 N.W.2d 377, 379-82 (Iowa 2002) (finding neglect of one legal matter, making a misrepresentation to the court, and failing to respond to the Board required a sixty-day suspension where attorney was experiencing depression, attorney had a previous public reprimand, and a client was harmed); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Grotewold*, 642 N.W.2d 288, 293-96 (Iowa 2002) (finding neglect of two legal matters, a misrepresentation to the court, and failure to timely respond to the Board required a sixty-day suspension where attorney suffered from depression); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Hohenadel*, 634 N.W.2d 652, 653-57 (Iowa 2001) (finding neglect of two legal matters as well as misrepresentations to the court and clients required a four-month suspension where the clients were harmed, attorney had prior public reprimand, and attorney suffered from alcoholism for which he sought treatment); *Comm. on Prof'l Ethics & Conduct v. Horn*, 480 N.W.2d 861, 862-

63 (Iowa 1992) (finding neglect of one legal matter, misrepresentations to a client, and failure to cooperate with the committee required a six-month suspension where attorney had prior suspension); *Comm. on Prof'l Ethics & Conduct v. Horn*, 379 N.W.2d 6, 7-10 (Iowa 1985) (finding failure to cooperate with the committee, neglect of one legal matter, and misrepresentations to the decedent's daughter and her attorney required a three-month suspension).

Therefore, we suspend Frerichs' license to practice law indefinitely with no possibility of reinstatement for three months.

### V. Disposition.

We suspend Frerichs' license to practice law in this state indefinitely with no possibility of reinstatement for three months. The suspension applies to all facets of the practice of law. *See* Iowa Ct. R. 35.12. Upon any application for reinstatement, Frerichs must establish that he has not practiced law during the suspension period and he has in all ways complied with the requirements of Iowa Court Rule 35.13. In his application for reinstatement, Frerichs must provide this court with an evaluation by a licensed health care professional verifying his fitness to practice law. Before obtaining this evaluation, Frerichs shall submit the name of the proposed evaluator and the nature of the evaluation to the Board for its prior approval. Frerichs shall also comply with the notification requirements of Iowa Court Rule 35.21. We tax the costs of this action to Frerichs pursuant to Iowa Court Rule 35.25.

**LICENSE SUSPENDED.**